# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANDRE BONDS | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CV413-247<br>) |
| STATE OF GEORGIA. | )<br>) |
| Defendant. | ) |

## ORDER

The Northern District of Georgia has transferred to this Court Andre Bonds' letter to "The Clerk of Court" requesting judicial intervention in a pending state prosecution against him in the Chatham County, Georgia state court. Doc. 1 (Letter, docketed in that court as a "Complaint"); doc. 2 (Transfer Order). The Clerk has docketed the defendant as "Unknown" because Bonds, proceeding *pro se*, names no defendant.

His letter likely would not have been turned into a case had he sent it to this Court in the first place. Letters are simply not welcome here,[1]

---

[1] Over and over again the Court instructs litigants to file formal complaints, petitions, briefs and motions, not letters. The former require the filer to do things like name his defendant, for example. Letters also can get lost, while complaints,

and the Court routinely responds by sending such *pro se* litigants form complaints and habeas petitions. Yet, it is now before this Court, via transfer, as a *case*. And since the State of Georgia is Bonds' ultimate adversary (it is, after all, the State that is prosecuting him), the Court has amended the above caption to reflect that fact.[2] For the moment, however, the Clerk is **DIRECTED** to conform the docket caption accordingly.

But more needs to be done here. Within 21 days of the date this Order is served, Bonds must file a formal pleading (e.g., complaint or a habeas petition of some sort). Even at that, he faces a substantial legal barrier.[3] And no matter what civil proceeding Bonds may choose, he

---

motions and briefs are filed in the record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

[2] This is not binding; should Bonds choose to pursue this case, he is free to name a new defendant or respondent.

[3] Bonds may not pursue the habeas remedy of release from confinement in a combined civil rights and habeas complaint. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

And even were the Court to construe any complaint he files as a habeas petition, it would still fail if does not allege and show that he exhausted his state court

2

must either pay the Court's filing fee or, if he is indigent, seek leave to proceed *in forma pauperis*. To that end, the Clerk is also **DIRECTED** to serve Bonds with both a copy of this Order a form *in forma pauperis* petition. Should Bonds fail to comply with this directive, the Court will advise dismissal.

**SO ORDERED**, this 11Th day of December, 2013.

---

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of [28 U.S.C.] § 2241 is that petitioners must first exhaust their state court remedies.").

3